1 OF 143

KIRELL F. BETTIS-TAYLOR, CDC#: T35161
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 1906 / CDC#: T35161-TAYLOR
24900 HIGHWAY 202 / CDC#: T35161-TAYLOR
TEHACHAPI, CA 93581

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### 717 MADISON PLACE, N.W. ROOM 103

### WASHINGTON, DC 20439

KIRELL FRANCIS BETTIS TRUST,

KIRELL F. BETTIS-TAYLOR,

        Plaintiff(s),

V.

THE UNITED STATES,

        Defendant.

Case No. ___20-911 T___

Judge _____

## COMPLAINT

JURISDICTION: The United States Court of Federal Court has jurisdiction over this complaint pursuant to 28 U.S.C. sections 1491-1509; 26 U.S.C. sections 6511, 7422, 7433.

The state of California is plaintiff's legal residence.

The INTERNAL REVENUE SERVICE (IRS) is the governmental agency that is the subject of this complaint. All administrative remedies have been exhausted prior to filing this complaint.

Received - USCFC
JUL 17 2020

KIRELL FRANCIS BETTIS TRUST
P.O. BOX 1906 / CDCR#: T35161-TAYLOR
24900 HIGHWAY 202 / CDCR#: T35161-TAYLOR
TEHACHAPI, CA 93581

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KIRELL FRANCIS BETTIS TRUST,        CASE No.: _____

                    Plaintiff,       Judge _____

VS.

THE UNITED STATES,                   APPLICATION TO PROCEED
                                     IN FORMA PAUPERIS
                    Dependant.

RECITALS

1.      I, KIRELL FRANCIS BETTIS TRUST, declare that the following is true and correct; that under federal law I am a separate legal person in terms of being a "simple trust" with the right to sue; that I am the plaintiff in the above entitled case; that in support of my request to proceed without being required to prepay fees or costs, I declare that because I am unable to use the trust money, except for the benefit of two government beneficiaries, I am not able to prepay the fees and costs and entitled to relief for the benefit of the Treasury of the United States and State of California. See: Document No.1 page 22, Prayer For Relief.

2.      I, KIRELL FRANCIS BETTIS TRUST, declare that for the 2020 taxable year I now hereby hypothecate $400.00 from the "bundled fee" of the plaintiff KIRELL F. BETTIS-TAYLOR and transfer the hypothecated amount of dollars into a "PAYMENT BOND [ AND PERFORMANCE BOND ] FOR OTHER THAN CONTRUCTION CONTRACTS" attached hereto and supported by an AFFIDAVIT OF INDIVIDUAL SURETY.

I declare under penalty of perjury the foregoing is true and correct.

Date: July 13, 2020        By: Kirell Taylor T35161 Trust - Trustee
                               KIRELL FRANCIS BETTIS TRUST

1  KIRELL FRANCIS BETTIS TRUST
2  P.O. BOX 1906 / CDCR#: T35161-TAYLOR
   24900 HIGHWAY 202 / CDCR#: T35161-TAYLOR
3  TEHACHAPI, CA 93581

4          IN THE UNITED STATES COURT OF FEDERAL CLAIMS

5

6  KIRELL FRANCIS BETTIS TRUST,        CASE No.: _____
7              Plaintiff,              Judge _____
8  VS.
9  THE UNITED STATES,                  APPLICATION TO PROCEED
                                       IN FORMA PAUPERIS
10             Dependant.

11                      RECITALS

12  1.    I, KIRELL FRANCIS BETTIS TRUST, declare that the following is true
13  and correct; that under federal law I am a separate legal person in
14  terms of being a "simple trust" with the right to sue; that I am the plaintiff
15  in the above entitled case; that in support of my request to proceed
16  without being required to prepay fees or costs, I state that because
17  I am unable to use the trust money, except for the benefit of two
18  government beneficiaries, I am not able to prepay the fees and costs
19  and entitled to relief for the benefit of the Treasury of the United States
20  and State of California. See: Document No. 1 page 22, Prayer For Relief.

21  2.    I, KIRELL FRANCIS BETTIS TRUST, declare that for the 2020
22  taxable year I now hereby hypothecate $400.00 from the "bundled fee"
23  of the plaintiff KIRELL F. BETTIS-TAYLOR and transfer the hypothecated
24  amount of dollars into a "PAYMENT BOND [AND PERFORMANCE BOND] FOR
25  OTHER THAN CONSTRUCTION CONTRACTS" attached hereto and supported
26  by an AFFIDAVIT OF INDIVIDUAL SURETY.

27  I declare under penalty of perjury the foregoing is true and correct.
28  Date: July 13, 2020          By: _Kirell Taylor T35161 Trust -Trustee_
                                     KIRELL FRANCIS BETTIS TRUST

| **PAYMENT BOND FOR OTHER THAN CONSTRUCTION CONTRACTS** (See instructions on reverse) | DATE BOND EXECUTED (*Must not be later than bid opening date*) 07/13/2020 | OMB Control Number: 9000-0045 Expiration Date: 8/31/2022 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL (*Legal name and business address*) **KIRELL FRANCIS BETTIS TRUST** PO Box 1906    **PMB: T35161** Tehachapi, CA 93581 | TYPE OF ORGANIZATION ("X" one) ☐ INDIVIDUAL ☐ PARTNERSHIP ☐ JOINT VENTURE ☐ CORPORATION STATE OF INCORPORATION |
|---|---|

| SURETY(IES) (*Name(s) and business address(es)*) **KIRELL FRANCIS BETTIS** PO Box 1906    **PMB: T35161-TAYLOR** Tehachapi, CA 93581 "**Eligible Obligation**" Title 31 U.S.C. § 9310 | PENAL SUM OF BOND |||
|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S)  CENTS $400    .00 |
| | CONTRACT DATE 07/13/2020 | CONTRACT NUMBER *CIVIL CASE NUMBER:* ||

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

(a) The above obligation is void if the Principal promptly makes payment to all persons (claimants) having a contract relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above and any duly authorized modifications thereof. Notice of those modifications to the Surety(ies) are waived.

(b) The above obligation shall remain in full force if the Principal does not promptly make payments to all persons (claimants) having a contract relationship with the principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the contract identified above. In these cases, persons not paid in full before the expiration of ninety (90) days after the date of which the last labor was performed or material furnishing, have a direct right of action against the principal and Surety(ies) on this bond for the sum or sums justly due. The claimant, however, may not bring a suit or any action -

(1) Unless claimant, other than one having a direct contract with the Principal, had given written notice to the Principal within ninety (90) days after the claimant did or performed the last of the work or labor, or furnished or supplied the last of the materials for which the claim is made. The notice is to state with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished or supplied, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same registered or certified mail, postage prepaid, in an envelope addressed to the Principal at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process is served in the state in which the contract is being performed, save that such service need not be made by a public officer.

(2) After the expiration one (1) year following the date on which claimant did or performed the last of the work or labor, or furnished or supplied the last of the materials for which the suit is brought.

(3) Other than in the United States District court for the district in which the contract, or any part thereof, was performed and executed, and not elsewhere.

WITNESS:

The principal and Surety(ies) executed this bid bond and affixed their seals on the above date.

| AUTHORIZED FOR LOCAL REPRODUCTION *Previous edition is NOT usable* | **STANDARD FORM 1416** (REV. 10/1998) Prescribed by GSA-FAR (48 CFR) 53.228(m) |
|---|---|

| | PRINCIPAL | | | | |
|---|---|---|---|---|---|
| SIGNATURE(S) | 1. *Kirell Taylor T35161 Trust* (Seal) | 2. (Seal) | 3. (Seal) | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. KIRELL TAYLOR T35161 TRUST, Trustee | 2. | 3. | | |

| | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *Kirell F. Bettis-Taylor* (Seal) | 2. | (Seal) |
| NAME(S) & TITLE(S) (Typed) | 1. KIRELL F. BETTIS-TAYLOR | 2. | |

| | | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|---|
| **SURETY A** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY B** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form is authorized for use when payment bonds are required under FAR (48 CFR) 28.103-3, i.e., payment bonds for other than construction contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual Sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal"; and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

| PERFORMANCE BOND FOR OTHER THAN CONSTRUCTION CONTRACTS (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) 07 / 13 / 2020 | OMB Control Number: 9000-0045 Expiration Date: 8/31/2022 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995.  You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number.  The OMB control number for this collection is 9000-0045.  We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions.  Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to:  U.S. General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** *(Legal name and business address)*

KIRELL FRANCIS BETTIS TRUST
PO Box 1906       PMB: T35161
Tehachapi, CA 93581

**TYPE OF ORGANIZATION** *("X" one)*

☐ INDIVIDUAL                    ☐ PARTNERSHIP

☐ JOINT VENTURE               ☐ CORPORATION

STATE OF INCORPORATION

**SURETY(IES)** *(Name(s) and business address(es))*

KIRELL FRANCIS BETTIS
PO Box 1906       PMB: T35161-TAYLOR
Tehachapi, CA 93581

"Eligible Obligation" Title 31 U.S.C. § 9310

| PENAL SUM OF BOND | | | |
|---|---|---|---|
| MILLION(S) | THOUSAND(S) | HUNDRED(S) $400 | CENTS .00 |

| CONTRACT DATE 07 / 13 / 2020 | CONTRACT NUMBER NUMBER: CIVIL CASE |
|---|---|
| OPTION DATE | OPTION NUMBER |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum.  For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally.  However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us.  For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety.  If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The principal has entered into the contract identified above.

**THEREFORE:**

The above obligation is void if the Principal: (1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during either the base term or an optional term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made.  Notice of those modifications to the Surety(ies) is waived.

The guaranty for a base term covers the initial period of performance of the contract and any extensions thereof excluding any options.  The guaranty for an option term covers the period of performance for the option being exercised and any extensions thereof.

The failure of a surety to renew a bond for any option term shall not result in a default of any bond previously furnished covering any base or option term.

**WITNESS:**

The principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| PRINCIPAL | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *Kirell Taylor T35161 Trust* (Seal) | 2. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | KIRELL TAYLOR T35161 TRUST, Trustee | 2. | |

| INDIVIDUAL SURETY(IES) | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *Kirell F. Bettis—Taylor* (Seal) | 2. | (Seal) |
| NAME(S) *(Typed)* | KIRELL F. BETTIS-TAYLOR | 2. | |

| CORPORATE SURETY(IES) | | | | | |
|---|---|---|---|---|---|
| **SURETY A** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
*Previous edition is NOT usable*

**STANDARD FORM 1418 (REV. 2/1999)**
Prescribed by GSA-FAR (48 CFR) 53.228(b)

## AFFIDAVIT OF INDIVIDUAL SURETY
*(See instructions on reverse)*

OMB No.:   9000-0001

Public reporting burden for this collection of information is estimated to average 3 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Regulatory Secretariat (MVA), Office of Acquisition Policy, GSA, Washington, DC 20405.

STATE OF **CALIFORNIA**

COUNTY OF **KERN**                    SS.

I, the undersigned, being duly sworn, depose and say that I am: (1) the surety to the attached bond(s); (2) a citizen of the United States; and of full age and legally competent. I also depose and say that, concerning any stocks or bonds included in the assets listed below, that there are no restrictions on the resale of these securities pursuant to the registration provisions of Section 5 of the Securities Act of 1933. I recognize that statements contained herein concern a matter within the jurisdiction of an agency of the United States and the making of a false, fictitious or fraudulent statement may render the maker subject to prosecution under Title 18, United States Code Sections 1001 and 494. This affidavit is made to induce the United States of America to accept me as surety on the attached bond.

| 1. NAME *(First, Middle, Last) (Type or Print)* | 2. HOME ADDRESS *(Number, Street, City, State, ZIP Code)* |
|---|---|
| KIRELL F BETTIS-TAYLOR | P.O. BOX 1906   PMB: T35161-TAYLOR TEHACHAPI, CA 93581 |

| 3. TYPE AND DURATION OF OCCUPATION | 4. NAME AND ADDRESS OF EMPLOYER *(If Self-employed, so State)* |
|---|---|
| FIDUCIARY, OVER 20 YEARS | KIRELL FRANCIS BETTIS TRUST PO BOX 1906 PMB: T35161-TAYLOR TEHACHAPI, CA 93581 |

| 5. NAME AND ADDRESS OF INDIVIDUAL SURETY BROKER USED *(If any) (Number, Street, City, State, ZIP Code)* | 6. TELEPHONE NUMBER |
|---|---|
| NONE. | HOME - |
| | BUSINESS - |

7. THE FOLLOWING IS A TRUE REPRESENTATION OF THE ASSETS I HAVE PLEDGED TO THE UNITED STATES IN SUPPORT OF THE ATTACHED BOND:

(a) Real estate *(Include a legal description, street address and other identifying description; the market value; attach supporting certified documents including recorded lien; evidence of title and the current tax assessment of the property. For market value approach, also provide a current appraisal.)*

NONE.

(b) Assets other than real estate *(describe the assets, the details of the escrow account, and attach certified evidence thereof).*

REFUND ON IRS FORM 1040 FOR THE 2015-2018 TAXABLE YEARS IN EXCESS OF $2,000,000.00. "No refund or credit of any income...in excess of $2 Million shall be made until after the expiration of 30 days from the date...a summary of the facts and the decision of the Secretary, is submitted to the Joint Committee on Taxation." 26 U.S.C. 6405(a)

8. IDENTIFY ALL MORTGAGES, LIENS, JUDGEMENTS, OR ANY OTHER ENCUMBRANCES INVOLVING SUBJECT ASSETS INCLUDING REAL ESTATE TAXES DUE AND PAYABLE.

NONE.

9. IDENTIFY ALL BONDS, INCLUDING BID GUARANTEES, FOR WHICH THE SUBJECT ASSETS HAVE BEEN PLEDGED WITHIN 3 YEARS PRIOR TO THE DATE OF EXECUTION OF THIS AFFIDAVIT.

NONE.

**DOCUMENTATION OF THE PLEDGED ASSET MUST BE ATTACHED.**

| 10. SIGNATURE | 11. BOND AND CONTRACT TO WHICH THIS AFFIDAVIT RELATES *(Where appropriate)* (1) PERFORMANCE BOND, (2) PAYMENT BOND FOR OTHER THAN CONSTRUCTION CONTRACTS, AND (3) APPLICATION TO PROCEED IN FORMA PAUPERIS. |
|---|---|
| *Kirell F. Bettis-Taylor*  7/13/2020 | |

**12. SUBSCRIBED AND SWORN TO BEFORE ME AS FOLLOWS:**

| a. DATE OATH ADMINISTERED | | | b. CITY AND STATE *(Or other jurisdiction)* | |
|---|---|---|---|---|
| MONTH 07 | DAY 13 | YEAR 2020 | TEHACHAPI, CALIFORNIA | Official Seal |

| c. NAME AND TITLE OF OFFICIAL ADMINISTERING OATH *(Type or print)* | d. SIGNATURE | e. MY COMMISSION EXPIRES |
|---|---|---|
| KIRELL TAYLOR | *Kirell Taylor* | 12/31/2099 |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is not usable

STANDARD FORM 28 (REV. 6/2003)
Prescribed by GSA-FAR (48 CFR) 53.228(a)

1 OF 143

KIRELL F. BETTIS-TAYLOR, CDC#: T35161
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 1906 / CDC#: T35161-TAYLOR
24900 HIGHWAY 202 / CDC#: T35161-TAYLOR
TEHACHAPI, CA 93581

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

717 MADISON PLACE, N.W. ROOM 103

WASHINGTON, DC 20439

| | |
|---|---|
| KIRELL FRANCIS BETTIS TRUST, | Case No. _____ |
| KIRELL F. BETTIS-TAYLOR, | |
| Plaintiff(s), | Judge _____ |
| V. | |
| THE UNITED STATES, | |
| Defendant. | |

## COMPLAINT

JURISDICTION: The United States Court of Federal Court has jurisdiction over this complaint pursuant to 28 U.S.C. sections 1491-1509; 26 U.S.C. sections 6511, 7422, 7433.

The state of California is plaintiff's legal residence.

The INTERNAL REVENUE SERVICE (IRS) is the governmental agency that is the subject of this complaint. All administrative remedies have been exhausted prior to filing this complaint.

2.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
717 MADISON PLACE, N.W. ROOM 103
WASHINGTON, DC 20439

## OPERATIVE FACTS

I, KIRELL F. BETTIS-TAYLOR, do hereby declare:

1.  Plaintiff KIRELL FRANCIS BETTIS TRUST is a simple trust assigned an Employer's ID Number with the last four digits as follows: 6606. Pronounced: Key-Rail.

2.  Plaintiff KIRELL F. BETTIS-TAYLOR is over the age 18 and is the Grantor over Petitioner KIRELL FRANCIS BETTIS TRUST.

3.  This petition is hereby brought for the Court to supervise over an award due to plaintiff KIRELL F. BETTIS-TAYLOR for having cause hundreds of billions of dollars in credit held in trust to be converted into federal taxable income and paid to the IRS for the sole benefit of the State of California and Treasury of the United States.

4.  In the winter of the year 1997 at the Mammoth Ski Resort in the state of California, the plaintiff KIRELL F. BETTIS-TAYLOR took possession of four metal trunks of gold bars that weighed various troy ounces. Each metal trunk consisted of one thousand gold bars and some silver bars. I gave one metal trunk with 1,000 gold bars to my associate CHRISTOPHER RAWLINGS and I kept 3,000 gold bars, the silver bars, including ancient governmental documents within one metal trunk bearing the title "the State of California." In lieu of taking the records to a police department I took the records to my biological mother JANICE MARIE BETTIS around March of 1997. One handwritten ancient document in black ink was entitled "Floating Irrevocable Letter of Credit" and fully transcribed as follows:

3.

William Irwin
Governor

the State of California
Office of the Governor

April 4th, 1878
Executive Order

FLOATING, IRREVOCABLE LETTER OF CREDIT

KNOW ALL MEN BY THESE PRESENTS, as Governor of "the state of California" under the Const. of the state of California of the year 1849, pursuant to Article XI, section 10, I have the authority not to "loan" but to "invest" (without recoupment or without recovery of any expenditure) "the credit" of the state of California into a prospective inter vivos —— trust entitled —— KIRELL FRANCIS BETTIS TRUST in the amount of $ 850,000,000,000.00 (eight hundred and fifty billion dollars) in the United States currency with zero interest for the benefit of said trust, including but not limited to, the benefit of the proposed de facto government entitled State of California and the Treasury of the United States pursuant to the sole discretion of the Trustee. This irrevocable direct-pay letter-of-credit is issued in good faith and is issued as a one-time thirty year public finance transaction for the de facto government to receive a donation from the de jure state's credit and to receive taxes from prospective taxpayers within the boundaries of the state, among other lawful purposes. This letter of credit is tolled and shall not become effective until the first date of bookkeeping of any credit transaction with any public or private person or entity. The thirty-year statute of limitation for the apportionment of any of the credit entrusted to said trust must begin to be recorded at any time before 5:00 P.M., April 4th, 2045.

THE CONDITION OF THE ABOVE "INVESTMENT" is such, that if the people do not adopt the Constitution proposed in 1877 at the constitutional convention, then this "investment" of the state's credit is void; otherwise to remain in full force and effect, subject to the following conditions:

(1) This letter of credit shall become effective upon all of the following occurrences:

(a) That the Constitution proposed in 1877 is adopted by the people.

(b) That the trustee whom possesses a copy of this letter causes over 30-years: Assignment of No less than $ 360,000,000,000.00 to the de facto government adopted by the people as well as Assignment of No less than $ 360,000,000,000.00 to the Treasury of the United States over a 30-years period, and to treat such acts as a state secret.

(c) That the Trustee of as inter vivos trust fill in the title of the trust above and on a copy of this letter sign my signature on my behalf in original ink, and present the instrument to a bank or some other person.

Respectfully Yours,
the State of California
William Irwin   KFBT-Trustee
6-7-1999
(Mr.) William Irwin
Governor

4.

5.    On February 8, 1999, I decline to sell the ancient document for $100 million dollars. Your Honor, after CHRISTOPHER RAWLINGS was accidentally killed on February 8, 1999, my grandmother IRENE BETTIS advised me to insert the title of my Living Trust on the blank line of the ancient document entitled FLOATING IRREVOCABLE LETTER OF CREDIT (FILOC). On June 17, 1999, as directed by the Governor of California in 1878, I signed the name of the Governor on the ancient FILOC and, I allowed JANICE MARIE BETTIS to laminate the ancient FILOC and be the custodian of the ancient FILOC. On July 13, 1999, I was arrested and on August 20, 1999, I was booked for the murder of CHRISTOPHER RAWLINGS. In October of 2001 I was sentenced to life in state prison. Google: KIRELL TAYLOR

6.    Your Honor, in 2003 in a filed letter received by my trial court addressed to Deputy District Attorney, SHELLIE SAMUELS. I implicitly referred to the death of Mr. Rawlings having to do with something valuable that belongs to a "country". I have been instructed not to have any contact with the California State Treasurer relative to the affairs of my Living Trust created on Sept. 21, 1993.

7.    Your Honor, in the midst of learning how to file a cognizable civil action over two decades, I have spent approximately 14 years learning how to apply selective statutes of the Internal Revenue Code to the Administration of my Living Trust with the assistance of my mother Janice Marie Bettis until she loss the function of both of her kidneys in 2014. During that period I diligently tried to donate one of my kidneys to my mother.

8.    Beginning on January 01, 2014, I caused the aforementioned $850 billion dollars in credit from the FILOC to be transferred into "original issue discount" taxable income that "accrues" to KIRELL FRANCIS BETTIS TRUST. Cf. Title 26 U.S.C. section 115

9.    In November of 2014 without my consent Janice M. Bettis mailed me the unlaminated copy of the Floating Irrevocable Letter of Credit while I was housed at KERN VALLEY STATE PRISON, Delano, California. To prevent correctional officers from destroying the ancient FILOC and to see if it is valued more than $850 billion dollars I attached it between the factual allegations of a civil complaint filed on Feb. 05, 2015. KIRELL TAYLOR v. KIRELL FRANCIS BETTIS TRUST. See 2:15-cv-0305 TLN-DAD (E.D.Cal.); (2015 U.S. Dist. LEXIS 65486)

5.

10.     Your Honor, after I filed the civil complaint on Feb. 5, 2015, concerning the **original copy** of the ancient Floating Irrevocable Letter of Credit, twenty one days later on Feb. 26, 2015, my mother Janice Marie Bettis passed away from kidney failure. Thus, it became clear why she removed the plastic lamination from the original copy of the ancient FILOC and mailed it to me three months prior to her death. Without any serious mental health treatment provided to me, I chaotically pushed forward with PTSD and a promise to my mother that I will pay over the hundreds of billions of dollars held in trust from the FILOC to the Treasury of the United States and State of California operating under her 1879 constitution.

11.     Your Honor, easy as it is to accomplish I have never defrauded any governmental agency for any amount of money or refund. On March 20, 2004, I was falsely and maliciously labeled a snitch by the TV show AMERICA'S MOST WANTED (AMW) while housed in California State Prison-Sacramento. Subsequently, I was stabbed by another inmate based on the false statements provided by AMW. See TAYLOR V. KNOWLES, 2:05-cv-1412 GEB-KJM (E.D. Cal.). In light of being labeled a jailhouse snitch my former associate entrusted with my gold bars and $100,000.00 in cash: stole the gold and cash until he was forced to reimburse me in full in December 2006. See BETTIS V. BLACKSTONE, 1:08-cv-01561-AWI-GSA. (E.D. Cal.). Prison officials failed to credit my inmate trust account with $30 million dollars had and received by the mailroom in the nature of a personal check.

## HISTORY OF PLAINTIFF KIRELL FRANCIS BETTIS TRUST

12.     Plaintiff KIRELL FRANCIS BETTIS TRUST is a "simple revocable trust" created in Sacramento, California during the 2018 taxable year with the following beneficiaries:
STATE OF CALIFORNIA - FRANCHISE TAX BOARD
U.S. DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE.

13.     "Kirell Taylor T35161 Trust" is a simple trust and the Trustee of plaintiff KIRELL FRANCIS BETTIS TRUST.

14.     Plaintiff's "declaration of trust" existence and its attachments consists of 54 pages and a copy is in the possession of the IRS, defendant, i.e., the attachment to Form 12153 dated 10/01/2018 filed by KIRELL FRANCIS BETTIS TRUST.

6.

15.     On July 09, 2018, defendant IRS returned to plaintiff's Trustee a certified Domestic Return Receipt from Kansas City, MO 64999-0002 bearing Article Number 9590 9402 2883 7069 3867 90. Defendant is in possession of the perfected and amended returns for the following taxable year and amount of OID interest income withheld:

(1) FORM 1096 by KIRELL FRANCIS BETTIS for the year 2014 for: $55,125,000,000.00

(2) FORM 1096 by KIRELL FRANCIS BETTIS for the year 2015 for: $102,689,885,500.00

(3) FORM 1096 by KIRELL FRANCIS BETTIS for the year 2016 for: $48,233,834,925.00

(4) FORM 1096 by KIRELL FRANCIS BETTIS for the year 2017 for: $68,012,941,353.00

(5) FORM 1099-OID for Recipient KIRELL FRANCIS BETTIS TRUST for the year 2014

(6) FORM 1099-OID for Recipient KIRELL FRANCIS BETTIS TRUST for the year 2015

(7) FORM 1099-OID for Recipient KIRELL FRANCIS BETTIS TRUST for the year 2016

(8) FORM 1099-OID for Recipient KIRELL FRANCIS BETTIS TRUST for the year 2017

(9) FORM 1041 by KIRELL FRANCIS BETTIS TRUST dated 4-14-2018 for the year 2014

(10) FORM 1041 by KIRELL FRANCIS BETTIS TRUST dated 5-14-2018 for the year 2015

(11) FORM 1041 by KIRELL FRANCIS BETTIS TRUST dated 5-16-2018 for the year 2016

(12) FORM 1041 by KIRELL FRANCIS BETTIS TRUST dated 5-16-2018 for the year 2017

16.     Your Honor, plaintiff KIRELL FRANCIS BETTIS TRUST requested a Collections Due Process Hearing for a Federal Tax Lien filed against the plaintiff on September 20, 2018, associated with Form 941 for the 2017 taxable year. Form 12153 dated October 01, 2018, accompanied by a copy of the 54-page DECLARATION OF KIRELL FRANCIS BETTIS TRUST was received by the defendant's Revenue Officer, ALMETRIUS D SWAIN, along with plaintiff's "payment bond for other than construction contracts" in the amount of $822,726,165.00. Based on plaintiff's "deposit payment" in the nature of a cash bond the defendant IRS on October 23rd, 2018, filed and mailed plaintiff a copy of a "Certificate of Release of Federal Tax Lien" in the amount of $822,726,165.00. Payment tendered for $822,726,165.00 has been accepted.

17.     Your Honor, the plaintiff has received from the defendant an "abatement" of penalties and interest assessed in a few billion dollars associated with Form 941 for medicare and social security taxes for the 2015 and 2016 taxable years.

18.     Your Honor, for the 2018 tax year plaintiff timely mailed its Amended tax return to the defendant IRS; that is to say, FORM 1041 by KIRELL FRANCIS BETTIS TRUST, year 2018 for: $50,432,021,116.00 (gross income).

7.

19. Your Honor, plaintiff KIRELL FRANCIS BETTIS TRUST had to create a "PROJECTED PAYMENT SCHEDULE", a ledger for daily amounts owed to the beneficiaries and "debt instruments" compounded semi-annually. The projected payment schedule establishes the plaintiff must pay the beneficiaries OID imputed interest income for the taxable year beginning 2014 and ending on December 31, 2031. Thus far the following amount of OID income has been paid to the following parties:

2014: Beneficiaries - $55,125,000,000.00 ..... Fiduciary Fee: $0.00
2015: Beneficiaries - $102,689,885,500.00 ..... Fiduciary Fee: $5,162,202,116.00
2016: Beneficiaries - $48,233,834,925.00 ..... Fiduciary Fee: $5,043,083,098.00
2017: Beneficiaries - $68,102,941,353.00 ..... Fiduciary Fee: $5,303,418,527.00
2018: Beneficiaries - $50,432,021,116.00 ..... Fiduciary Fee: $5,000,000,000.00
2019: Beneficiaries - $22,806,660,439.00 ..... Fiduciary Fee: $2,280,666,039.00
       Total: $347,390,343,333.00          $22,789,369,780.00

20. Your Honor, in order to balance the books of plaintiff's trust affairs the Grantor of plaintiff invented a "trade secret" to make payments to the IRS by virtue of the payee on the instrument now being the UNITED STATES TREASURY. The IRS will not accept a personal check for $100 million dollars or more. Thus, in December of 2018 under trade secret laws a one-of-a-kind security/instrument has been developed under the rules of privity and remittance of credit in February of 2019 have been mailed to the defendant IRS to make full payment of the tax owed by the taxpayer referred to in the MEMO section. Moreover, to that extent, for the 2019 taxable year a security/instrument each month (from January through Dec. of 2019) has been mailed to the IRS in Ogden, Utah for plaintiff for Form 1041. In fact a security/instrument in the amount of $1,862,118,300.00 for June of 2019 for plaintiff's Form 1041 was delivered to the IRS via certified return receipt under Number 7018 0680 0001 2363 3961. On July 09, 2019 defendant returned the certified Domestic Return Mail Receipt bearing Article Number 9590 9402 4207 8121 3706 41. Defendant has accepted each instrument tendered by KIRELL FRANCIS BETTIS TRUST.

8.

21.    Your Honor, IRS Form 1041 For Schedule G, Line 7 authorizes a taxpayer to include with the "total tax" any amount of a taxpayer's "constructive ownership of interest income" pursuant to Title 26 U.S.C. Section 1260(b). Thus, on top of the tax owed plaintiff KIRELL FRANCIS BETTIS TRUST has cleverly included the OID interest constructively held-in-trust for the beneficiaries on Line 7 of Schedule G (Form 1041) in the following certain sum:

Year 2014: $24,971,622,744.00
Year 2015: $44,180,038,080.00
Year 2016: $18,284,925,530.00
Year 2017: $30,195,041,180.00
Year 2018: $28,549,661,923.00
Total : $146,181,289,457.00

22.    Your Honor, it appears from the records maintained by the IRS (defendant); State of California – Franchise Tax Board must receive an electronic wire transfer from the IRS in the amount of $151,987,785,882.00. Indeed, it took a very long time to adhere to that one subtle provision of the Floating Irrevocable Letter of Credit, that is, it was "issued as a one-time thirty year public finance transaction for the de facto government to receive a donation from the de jure state's credit AND TO RECEIVE TAXES FROM PROSPECTIVE TAXPAYERS WITHIN THE BOUNDARIES OF THE STATE..." Plaintiff KIRELL FRANCIS BETTIS TRUST is the "prospective taxpayer within the boundaries of the state" that has duly paid taxes to the IRS that is for the benefit of State of California and the Treasury of the United States.

23.    Your Honor, it appears from the records maintained by the plaintiff KIRELL FRANCIS BETTIS TRUST that (minus) the fiduciary fee reported on the Grantor's individual U.S. Income Tax Return (Form 1040), the IRS defendant should have paid a credit to the following beneficiaries from the Form 1041 account:

| TREASURY OF THE UNITED STATES | STATE OF CALIFORNIA |
|---|---|
| 2014: $27,562,500,000.00 | $27,562,500,000.00 |
| 2015: $48,763,841,692.00 | $48,763,841,692.00 |
| 2016: $21,591,672,210.00 | $21,591,672,210.00 |

2017: $31,353,761,420.00                 $31,353,761,420.00
2018: $22,716,010,560.00                 $22,716,010,560.00
Total: $151,987,785,882.00         Total: $151,987,785,882.00

In light of the aforementioned it appears for the 2014-2018 taxable years a total of $303,975,571,764.00 has been paid to the INTERNAL REVENUE SERVICE for the exclusive benefit of State of California and the Treasury of the United States. More specifically, KIRELL FRANCIS BETTIS TRUST for the 2014-2019 tax period ending on December 31, 2014 thru December 31, 2019, has paid the IRS a total amount of $347,390,343,333.00. The gross "Fiduciary fee" for the 2015-2019 taxable years has totaled $22,789,369,780.00. That is to say, 6.5% of the certain sum paid to the two foregoing governmental trust beneficiaries.

24.    The last LETTER 5825c dated 12/11/2019 issued by the IRS for the 2015 taxable year received by KIRELL FRANCIS BETTIS TRUST provides: "We haven't resolved this matter because we haven't completed all the processing necessary for a complete response....You don't need to do anything else for now."

25.    To establish the trust money has been "paid" to the IRS from KIRELL FRANCIS BETTIS TRUST certified copies of the following Account Transcripts and Records need to be presented to the court:

BILLS OF EXCHANGE . . . . . . . . . . . . . . . . . . YEAR: 2014-2019
AMENDED FORM 1041 . . . . . . . . . . . . . . . YEAR: 2014 DATED: 4/14/2018
AMENDED FORM 1041 . . . . . . . . . . . . . . . YEAR: 2015 DATED: 5/14/2018
AMENDED FORM 1041 . . . . . . . . . . . . . . . YEAR: 2016 DATED: 5/16/2018
AMENDED FORM 1041 . . . . . . . . . . . . . . . YEAR: 2017 DATED: 5/16/2018
AMENDED FORM 1041 . . . . . . . . . . . . . . . YEAR: 2018 DATED: 5/19/2019
FORM 1099-OID . . . . . . . . . . . . . . . . . YEAR: 2014 . . . . $55,125,000,000.00
FORM 1099-OID . . . . . . . . . . . . . . . . . YEAR: 2015 . . . $102,689,885,500.00
FORM 1099-OID . . . . . . . . . . . . . . . . . YEAR: 2016 . . . $48,233,834,925.00
FORM 1099-OID . . . . . . . . . . . . . . . . . YEAR: 2017 . . . $68,012,941,353.00
FORM 941 (ACCOUNT TRANSCRIPT) . . . . . YEAR: 2015-2018
FORM 1040X (KIRELL F. BETTIS - TAYLOR) . . . YEAR: 2015-2018
FORM W-2c . . . . . . . . . . . . . . . . . . . . YEAR: 2015-2018
FORM 668(z) . . . . . . . . . . . . . . . . . . . . YEAR: 2015-2017
FORM 12153 DATED: 10/01/2018 . . . . . . . . . YEAR: 2017 - $822,716,165.00
FORM 843 (KIRELL F. BETTIS-TAYLOR) . . . . RE: 2015

10.

26. Your Honor, it appears that the INTERNAL REVENUE SERVICE has arbitrarily or negligently failed to credit the account of the Treasury of the United States with $151,987,785,882.00 pursuant to the OID gross income accrued to KIRELL FRANCIS BETTIS TRUST for the 2014 thru 2018 taxable years.

27. Your Honor, it appears that the IRS has arbitrarily or negligently failed to credit the account of State of California with $151,987,785,882.00 pursuant to the OID gross income accrued to KIRELL FRANCIS BETTIS TRUST for the 2014 thru 2018 taxable years. The amount in controversy derives from total payment.

28. Your Honor, it appears that the IRS has arbitrarily or negligently failed to mail an award to the fiduciary KIRELL F. BETTIS pursuant to the overpayment of OID gross income paid to him from KIRELL FRANCIS BETTIS TRUST and reported on his tax return FORM 1040 for the following amount:

$0.00 _____ YEAR: 2014
$5,162,202,116.00 _____ YEAR: 2015....AMENDED RETURN FILED 5/5/2017
$5,043,083,098.00 _____ YEAR: 2016....AMENDED RETURN DATED 8/01/2017
$5,303,418,527.00 _____ YEAR: 2017....RETURN DATED 3/08/2018
$5,000,000,000.00 _____ YEAR: 2018....RETURN DATED 6/10/2019

The plaintiff KIRELL FRANCIS BETTIS TRUST is the drawee on each payment instrument and the trustee KIRELL TAYLOR T35161 TRUST has remitted it payable to the order of UNITED STATES TREASURY in the aforesaid amount for: KIRELL F. BETTIS, Form 1040, ***-**-████. Remittance was accepted by the IRS in February of 2019. It is not unusal to pay another person's taxes. See: J.C. Pitman Son v. United States 317 F. 2d 366, 369. To that extent, the trust-plaintiff duly paid a lump sum of $5 billion dollars to defendant IRS on behalf of KIRELL F. BETTIS for each tax year mentioned. As a result of the overpayment an award is owed to the fiduciary for all of his hard work and labor managing the credit of the state of California that was invested and held in trust.

29. Your Honor, it appears this court does have jurisdiction to dispense justice on behalf of plaintiff ( A domestic trust). Thus, since plaintiff is being managed from a prison cell while working in privity with defendant; this court should appoint an Attorney at Law to KIRELL FRANCIS BETTIS TRUST. See: C.E. POPE EQUITY TRUST V. U.S., 818 F. 2d 696, 697 ( 9th Cir. 1987)

11

30. Your Honor, it appears as though an "extension of credit" is equivalent to a "loan" and opposite of an "investment of credit." Thus the utility of the credit of the state of California (de jure) in the contractual "Floating Irrevocable Letter of Credit" for a total sum of $850,000,000,000.00 to the benefit of two governmental entities, is, underscored by the fact that the "credit...became effective upon all of the [enumerated] occurences" therein having occurred and been realized before "April 4, 2045."

31. Your Honor, it appears from the records maintained by plaintiff KIRELL FRANCIS BETTIS TRUST that after making a "deposit payment in the nature of a cash bond" related to Form 941 for the 2015-2017 taxable years, the INTERNAL REVENUE SERVICE on June 26, 2017 began to abate all penalties and all interest (concerning medicare and social security taxes) and wages withheld for KIRELL F. BETTIS. The Account Transcript provides a "credit" in the total following amount:

$4,392,993,367.00......FORM 941....YEAR: 2015....1st - 4th QUARTER.
$6,471,175,979.00......FORM 941....YEAR: 2016....1st - 4th QUARTER.
$822,716,165.00......FORM 941....YEAR: 2017....2nd QUARTER (Paid).

The court has held: "3102 and 3402 requires employers to withhold Social and Federal income taxes from their employees wages. Per 7501 of the Internal Revenue Code, the withheld money is held in trust for the United States until paid to the government. IF AN EMPLOYER WITHHOLDS THESE TRUST FUNDS BUT FAILS TO REMIT THEM TO THE UNITED STATES, THE EMPLOYEE IS NEVERTHELESS CREDITED WITH HAVING PAID THE TAXES AND THE GOVERNMENT MAY NOT REQUIRE ANY ADDITIONAL PAYMENT FROM THE EMPLOYEE." Huizinga v. U.S. (1995) 68 F. 3d 139, 145.

32. Your Honor, a "claim for credit or refund of an overpayment of any tax shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later. I.R.C. section 6511(a). Treas. Reg. section 301.6402-3(a)(5) provides: "A properly executed individual income tax return or an amended return shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511." See REYNOSO v. UNITED STATES. No. 11-15181 (4th Circuit decided 8/28/2012)

33. The court has held: "The Secretary of the Treasury cannot revoke the abatement of taxes once made by him, so as to revive the liability of the debtors upon the bond." U.S. v. ALEXANDER (1884) 110 U.S. 325. The Credit to be refunded has been allowed to be credited to the plaintiffs but Kirell F. Bettis has not received a refund check from the defendant as of date.

12

34.    It must be duly noted the defendant IRS Instructions for Form 1040 and (Form 1041) at p. 27 provides: "The IRS can't accept a single check (including a cashier's check) for amounts of ($100 million) or more....The $100 million or more amount limit doesn't apply to other methods of payment (such as electronic payments), so please consider paying by means other than checks".

35.    Title 26 U.S.C. section 7101 (a) provides: "Whenever...a person is required to furnish a bond – The person required to furnish such bond may deposit bonds of the United States as provided in section 9303 of title 31, United States Code." Defendant IRS does allow a taxpayer to furnish a bond.

36.    Remittance to the IRS of a deposit in the nature of a cash bond is not a payment of a tax imposed by the Internal Revenue Code. Such a bond is remitted to the IRS for the purpose of stopping interest from running on a possible future tax liability rather than paying a tax liability. See Rev. Proc. 84-58, at sections 4.01, para. 2, 4.02, para. 1.

37.    The United States General Services Administration publishes United States bonds entitled:

PAYMENT BOND (Standard Form 25A) – Refer to 40 U.S.C. section 3131 (b)(2);
PERFORMANCE BOND (Standard Form 25) – Refer to 40 U.S.C. section 3131 (b) (1);
PAYMENT BOND FOR OTHER THAN CONSTRUCTION CONTRACTS (Standard Form 1416);
PERFORMANCE BOND FOR OTHER THAN CONSTRUCTION CONTRACTS (Standard Form 1418); and
AFFIDAVIT OF INDIVIDUAL SURETY (Standard Form 24).

38.    Title 31 U.S.C. section 9301 (2) provides: "eligible obligation means any security designated as acceptable in lieu of a surety bond by the Secretary of the Treasury." Section 9303 (a) states: "If a person is required under a law of the United States to give a surety bond, the person may give an eligible obligation as security instead of a surety bond." However, the U.S. Congress in November of 2015 added Section 9310 (Individual Sureties) of title 31, U.S.C., for an "individual" surety bond to be treated in the same manner as an "eligible obligation." Section 9310 states in relevant part: "If another applicable federal law or regulation permits the acceptance of a bond from a surety that is not subject to sections 9306 and 9309 and is based on a pledge of assets by the surety, the assets pledged by such surety shall -- (1) consist of eligible obligations described under Section 9303 (a); and (2) be submitted to the official of the Government required to approve or accept the bond, who shall deposit the obligations as described under Section 9303 (b)."

39.    Therefore, on 12/12/2016 for the 2015 taxable year the trust plaintiff as principal on the Payment Bond (Standard Form 1416) served on the Chief Counsel of defendant IRS via conventional mail four Form 1041-ES's (Payment Voucher) accompanied by four Payment bonds and four Performance bonds for each quarter of 2015 for a grand total of $102,689,885,500.00. See supra page 7, para. 19.

13

40.   In December of 2016 for the 2015 taxable year the trust plaintiff as principal served defendant IRS via conventional mail with four Form 941-V's accompanied by four Payment bonds and four Performance bonds for each quarter of 2015 for the total amount owed and ascribed to Form 941. Thus on 06-26-2017, 07-02-2017, and 08-04-2017 defendant IRS "allowed" a "credit" on the trust plaintiff's account by having "Abated" under $4 billion dollars associated with the grantor-plaintiff's $5,162,202,116.00 fiduciary fee.

41.   On December 19, 2016, defendant IRS mailed the trust plaintiff a contract notice relative to Form 941 for the tax period ending on Mar. 31, 2016. Defendant stated: "We made changes to your March 31, 2016 Form 941. As a result, your amount due is $2,545,617,087.09."

42.   In December of 2016 for the 2016 taxable year the trust plaintiff as principal mailed defendant IRS four Form 941-V's accompanied by four Payment bonds and four Performance bonds for each quarter of 2016 for the total amount owed and ascribed to Form 941. Thus on 11-14-2016, 12-19-2016, 12-05-2016, 01-09-2017, 3-27-2017, 05-01-2017, 06-26-2017, 07-10-2017, 07-17-2017, 08-14-2017, 08-21-2017, 08-28-2017, and on 09-11-2017 defendant IRS "allowed" a "credit" on the account of the trust plaintiff by having "abated" a little under $6 billion dollars associated with the grantor-plaintiff's $5,043,083,098.00 fiduciary fee.

43.   In December of 2016 for the 2016 taxable year the trust plaintiff as principal mailed defendant IRS four Form 1041-ES's accompanied by four Payment Bonds For Other Than Construction Contracts and four Performance Bonds For Other Than Construction Contracts for each quarter for 2016 for a grand total of $48,233,834,925.00.

44.   For the 2017 taxable year with respect to the grantor-plaintiff's fiduciary fee in the amount of $5,303,418,527.00, the trust plaintiff as principal and a semi-weekly filer of Form 941 for 48 of 52 weeks mailed defendant IRS a completed Payment Voucher (941-V) for $129,046,224.00 with a Payment Bond (Standard Form 1416) for $129,046,224.00 as well as a Performance Bond (Standard Form 1418) for $129,046,224.00 including a lesser deposit or payment to equal 52 weeks for a grand total of $5,303,418,527.00. The only Form 941 not withdrawn by plaintiff was for the tax period ending on 06-30-2017. Relative to said tax period ending on 06-30-2017, on 10/08/2018 the plaintiffs conventionally mailed a Payment Bond (Standard Form 1416) as well as a Performance Bond for $822,726,165.00 to the defendant IRS to have a lien released. On 10/28/2018 the IRS signed Form 668(Z) in the amount of $822,716,165.00 and the IRS mailed the trust plaintiff a Certificate of Release of Federal Tax Lien. Scroll to page 102.

45.    FOR all of the aforementioned bonds remitted to the defendant INTERNAL REVENUE SERVICE the Commissioner of Internal Revenue and/or Secretary of the Treasury failed or refused to "issue a receipt that describes the obligation deposited" pursuant to section 9303 (b) (2) of title 31, United States Code.

46.    Both plaintiffs do intend to make out an affidavit that will request the return of the bonds aforementioned. Indeed, the trust-plaintiff KIRELL FRANCIS BETTIS TRUST in fact remitted the aforementioned bonds to protect the government of the United States of America. Title 31 U.S.C. section 9303 (d) (1) provides in relevant part: "If a person, supplying labor or material..., files with the United States Government the application and affidavit provided under section 3133 (a) of title 40, the Government may return...the [bond] given as security."

47.    On or about February 8, 2017, KIRELL F. BETTIS-TAYLOR filed his "Claim For Refund" related to his Form 1040X for the 2015 taxable year.

48.    On May 01, 2017, the INTERNAL REVENUE SERVICE rejected plaintiff's Claim For Refund (Form 843). KIRELL F. BETTIS-TAYLOR returned the 3-page rejection notice to the defendant with the following words written on the first page: "Your position is totally without merit. You read my Form 843 and you are playing games with my money. The Commissioner agrees with me!" That is to say, by the Commissioner having cause the frivolous penalties to be removed from the account of KIRELL FRANCIS BETTIS TRUST on 11/28/2016.

49.    Form 1041 filed by KIRELL FRANCIS BETTIS TRUST for the 2014-2019 taxable year clearly has reported "original issue discount" in the billions of dollars "paid" to the INTERNAL REVENUE SERVICE for the benefit of the Treasury of the United States and State of California. Title 26 U.S.C. section 6049(d)(6) provides: "Original issue discount on any obligation shall be reported AS IF PAID at the time it is includible in gross income." Title 26 U.S.C. "Section 7501 create a trust in an abstract amount -- (a dollar figure

15

not tied to any assets) -- rather than in actual dollars withheld." In Re Sunrise (1996) 204 BR 691.

50.    The trust plaintiff failed to timely file a W-2 for Kirell F. Bettis for the 2015 taxable year. As a result, the defendant IRS on 01/14/2019 assessed a penalty in the amount of $528,440,423.00. Hence on 01/24/2019 the trust plaintiff accepted a drawn one-of-a-kind personal security for $528,440,423.00, and, via conventional mail on 01/28/2019 said personal security was remitted to the defendant IRS for deposit and payment of the Civil Penalty. California Civil Code, Section 1485 provides: "An obligation is extinguished by an offer of performance, made in conformity to the rules prescribed, and with the intent to extinguish the obligation." California Code of Civil Procedure, Section 2074 states: "An offer in writing to pay a particular sum of money, or to deliver a written instrument, is, IF NOT ACCEPTED, equivalent to the actual production and tender of the money or instrument." On 09/09/2019 the defendant IRS issued plaintiff a final contract notice that confirms the $528,440,423.00 obligation has been "extinguished," and that amount now owed is "$0.00."

51.    Conversely, in March of 2019 the trust plaintiff via conventional mail remitted corrected W-2c forms for the correct amount of social security and Medicare taxes "paid" for grantor plaintiff KIRELL F. BETTIS as follows:

TAX YEAR: 2015          FORM W-2c

1 WAGES: $5,292,519,412.72

2 Fed Income Tax Withheld: $4,633,761,693.00

3 Social Security Wages: $118,500.00

4 Social Security Tax Withheld: $7,347.00

*5 Medicare Wages: $5,162,202,116.00

6 Medicare Tax Withheld: $130,309,949.72

— — — — — — —          — — — — — — —

TAX YEAR: 2016          FORM W-2c

1 Wages: $5,170,776,485.85

2 Fed Income Tax Withheld: $5,047,592,058.00

3 Social Security Wages: $118,500.00

4 Social Security Tax Withheld: $7,347.00

*5 Medicare Wages: $5,052,144,249.00

6 Medicare Tax Withheld: $118,625,389.85

— — — — — — —          — — — — — — —

16

TAX YEAR: 2017          FORM W-2c
 1 Wages:                         2 Fed Income Tax Withheld:
   $5,431,101,948.78               $5,304,686,820.00
 3 Social Security Wages:         4 Social Security Tax Withheld:
   $127,200.00                     $7,886.40
*5 Medicare Wages:               6 Medicare Tax Withheld:
   $5,305,418,527.00               $125,675,535,38

TAX YEAR: 2018          SCHEDULE H (Form 1040)
 1 Wages:                         2 Fed Income Tax Withheld:
   $5,117,498,200.00               $0.00
 3 Social Security Wages:         4 Social Security Tax Withheld:
   $128,400.00                     $7,956.10
*5 Medicare Wages:               6 Medicare Tax Withheld:
   $5,000,000,000.00               $117,498,200.00

### PROTECTION OF TRADE SECRET

52.   By virtue of conventional mail on February 03, 2019, the trust plaintiff KIRELL FRANCIS BETTIS TRUST mailed the accepted enumerated one-of-a-kind drawn personal security to the defendant IRS for deposit and "payment" of taxes for each taxpayer mentioned in the "MEMO" section of each personal security for the 2014-2019 taxable years in the certain sum as follows. None of the following payments have been dishonored.

TAX YEAR: 2014
 Date: 01-05-2019   Bill #: 750349   Sum: $55,125,000,000.00  Mailed: 02/03/2019

TAX YEAR: 2015
 Date: 01-05-2019   Bill #: 963807   Sum: $97,527,683,080.00   Mailed: 02/03/2019
 Date: 01-05-2019   Bill #: 161177   Sum: $3,850,957,249.00   Mailed: 02/03/2019
 Date: 01-24-2019   Bill #: 444920   Sum: $782,804,444.00    Mailed: 01/28/2019
 Date: 01-24-2019   Bill #: 029444   Sum: $528,440,423.00    Mailed: 01/28/2019
                           Total: $102,699,885,200.00

TAX YEAR: 2016
 Date: 01-05-2019   Bill #: 104992   Sum: $43,183,344,130.00   Mailed: 02/03/2019
 Date: 01-05-2019   Bill #: 824300   Sum: $2,818,782,258.00   Mailed: 02/03/2019
 Date: 01-05-2019   Bill #: 317740   Sum: $2,848,735.00    Mailed: 02/03/2019
 Date: 01-05-2019   Bill #: 003428   Sum: $2,228,804,800.00   Mailed: 01/28/2019
                           Total: $48,233,834,920.00

17.

**TAX YEAR: 2017**

| Date | Bill # | SUM | Mailed |
|---|---|---|---|
| 01-05-2019 | 192560 | $61,884,796,370.00 | 02/03/2019 |
| 01-05-2019 | 569991 | $822,726,165.00 | 02/03/2019 |
| 01-05-2019 | 862070 | $3,277,911,315.00 | 02/03/2019 |
| 01-05-2019 | 873246 | $732,000.00 | 02/03/2019 |
| 01-05-2019 | 070268 | $2,026,775,505.00 | 01/28/2019 |

Total: $68,012,941,360.00

— — — — — — —

**TAX YEAR: 2018**

| Date | Bill # | SUM | Mailed |
|---|---|---|---|
| 01-05-2019 | 098135 | $45,432,021,120.00 | 02/03/2019 |
| 01-05-2019 | 397074 | $2,800,000,000.00 | 01/28/2019 |
| 01-05-2019 | 550123 | $57,600,000.00 | 01/28/2019 |
| 01-05-2019 | 227740 | $50,400,000.00 | 01/28/2019 |
| 01-05-2019 | 191107 | $850,000,000.00 | 02/24/2019 |

Total: $49,190,021,120.00

— — — — — — —

The following sum is based on the Daily Accrual Amount of O.I.D.

**TAX YEAR: 2019**

| Date | Bill # | SUM | Mailed |
|---|---|---|---|
| 01/31/2019 | 2019001 | $1,937,004,037.00 | 01/31/2019 |
| 02/28/2019 | 2019002 | $1,749,552,033.00 | 02/24/2019 |
| 03/31/2019 | 2019003 | $1,924,188,910.00 | 04/01/2019 |
| 04/30/2019 | 2019004 | $1,862,118,300.00 | 05/01/2019 |
| 05/31/2019 | 2019005 | $1,924,188,910.00 | 06/10/2019 |
| * 06/30/2019 | 2019006 | $1,862,118,300.00 | 07/01/2019 * |
| 07/31/2019 | 201907 | $1,949,600,757.00 | 07/29/2019 |
| 10/04/2019 | 201908 | $1,150,000,000.00 | 10/16/2019 |
| 12/03/2019 | 201909 | $7,447,889,192.00 | 12/03/2019 |
| 12/10/2019 | 201910 | $168,362,407.00 | 12/10/2019 |
| 12/25/2019 | 201911 | $700,000,000.00 | 12/25/2019 |
| 12/25/2019 | 201912 | $131,632,505.00 | 12/25/2019 |
| 12/25/2019 | 201913 | $5,088.00 | 12/25/2019 |

Go To pp. 104-138   Total: $22,806,660,439.00
* ( Certified Return Receipt Mail Nos.: 7018 0680 0001 2363 3961 / 9590 9402 4207 8121 3706 41)

53.     An equitable assignment of money may be made by means of a bill of exchange. See 15 U.S.C. sections 78c (a) (10); 80a-2 (38). "IF [ the IRS ] takes a bill of exchange for payment of the debt, [ it ] is presumed to rely on this personal security." <u>GERMAN SAVINGS INST. V. ADAE</u>, 8 Fed. Rep. 106, 108

54.     Beginning on May 23, 2016, the defendant IRS stated to KIRELL FRANCIS BETTIS TRUST: "We charged you a penalty for frivolous tax returns." A copy of the contract notice is hereby attached behind the cover page marked EXHIBIT "<u>A</u>" at pp. <u>24-25</u>.

18.

55.      On June 06, 2016, defendant IRS rectified its contract notice dated 5-23-16 by having stated: "We made changes to your March 31, 2015 Form 941. As a result, your amount due is $1,714,846,321.40." A copy of the contract is behind the page marked EXHIBIT B. See pp. 26-28

56.      On June 15, 2016, defendant IRS told plaintiff: "We're working on your account. ... You don't need to take any further action now on this matter." A copy of the contract notice is behind the page marked EXHIBIT C. See pp. 29-31

57.      On August 08, 2016, defendant IRS issued a "Notice of Intent to Levy" that said: "Amount due immediately: $738,223,551.37." A copy of the contract to plaintiff is behind the page marked EXHIBIT D. See pp. 32-34

58.      On September 19, 2016, and September 26, 2016, defendant IRS stated to the trust plaintiff: "We charged you a ... civil penalty for Frivolous Penalty Tax Returns. Total Amount: $15,073.15." A copy of the contracts are behind the pages marked EXHIBIT E and EXHIBIT F. See pp. 35-39

59.      On October 26, 2016, defendant IRS stated to the trust plaintiff: "We have determined that the arguments you raised are frivolous and have no basis in law." A copy of the contract is behind the page marked EXHIBIT G. See pp. 40-41.

60.      On October 31, 2016, via conventional mail defendant IRS stated to the trust plaintiff: "As we notified you before, our records show ... amount due immediately: $15,130.91." A copy of the contract is behind the page marked EXHIBIT H. See pp. 42-43

61.      On October 31, 2016, via conventional mail the trust plaintiff mailed a two-page letter to defendant IRS addressed to the Commissioner of Internal Revenue explaining the government is a trust beneficiary, that is, of plaintiff KIRELL FRANCIS BETTIS TRUST.

62.      On November 07, 2016, defendant IRS informed the trust plaintiff: "In October, we determined your deposit requirements for 2017 I will be semiweekly I based on your 2015 Form 945 tax liability of $999,999,999.00." A copy of the contract is behind the page marked EXHIBIT I. See pp. 44-45

63.      It after all appears the trust plaintiff's arguments were not "frivolous," because on November 14, 2016, defendant IRS stated: "As we notified you before, our records show [ for Form 941 ] you have unpaid taxes for the tax period ending 09/30/2015. Amount immediately due: $533,513,544.02." A copy of the contract is behind EXHIBIT J, pp. 46-47

64.      On November 28, 2016, defendant IRS mailed the trust plaintiff a favorable contract providing: "Changes to your 12/31/2015 account. Amount due: $0.00. We made changes to Dec. 31, 2015 Form Civil Penalty. Your amount due is $0.00. You don't need to take any action. The penalty you were previously assessed, civil penalty for frivolous tax returns, was Removed." A copy of the contract is behind EXHIBIT K. See pp. 48-51

19.

65.   On May 15, 2017, KIRELL FRANCIS BETTIS TRUST had an "Account Transcript" generated from the IRS to verify whether or not the IRS gave the trust-plaintiff credit in the amount of $15,073.15, that is, by virtue of having "removed miscellaneous penalty for filing frivolous tax returns." Account transcript, including a copy of a certified copy of an account transcript dated August 4, 2017, affirming a credit in the amount of $15,073.15 is behind the cover page marked EXHIBIT L. See pages 52-58.

66.   On March 1, 2017, even though the IRS on May 23, 2016, September 19, 2016, September 26, 2016, and November 28, 2016, removed the frivolous penalties from the account of the trust-plaintiff; the defendant IRS issued to the Grantor-Plaintiff a LETTER 3176 (SC) denying the plaintiff's FORM 843 - Claim For Refund for the 2015 taxable year. A copy of LETTER 3176 is behind the cover page marked EXHIBIT M. See pages 59-62.

67.   On August 4, 2017, the defendant IRS prepared a certified copy of account transcript for KIRELL FRANCIS BETTIS TRUST relative to each Employer's Quarterly Federal Tax Return (Form 941), for the 2015 taxable year. Only a photocopy of the certified copy for the tax period ending on March 31, 2015, is behind the cover page marked EXHIBIT N. See pp. 63-68.

68.   On January 14, 2019, the defendant IRS concluded its Audit By Mail and assessed a valid penalty against KIRELL FRANCIS BETTIS TRUST in the amount of $528,440,423.20 for having failed to File Form W-2 for the Grantor-Plaintiff's $5,162,202,116.00 (fiduciary fee). Refer to the factual allegations aforesaid at p. 15, paragraphs 50.   The trust - plaintiff timely remitted $528,440,423.00 to the IRS on January 28, 2019, via conventional mail. A copy of all records related to the payment received by the defendant IRS is behind the cover page marked EXHIBIT O. See pp. 69-83.

69.   The Social Security Administration has mailed a few notices to KIRELL FRANCIS BETTIS TRUST dated March 3, 2017; November 23, 2018; and February 22, 2019. Each notice duly states: "IRS records show that you PAID Social Security and/or Medicare TAXES on more employee wages than SSA processed. The [billions] are shown below." A copy of the notices are behind the cover page marked EXHIBIT P. See pages 84-100. A correct amount of paid taxes are delineated heretofore at para. 51-52.

70.   The defendant IRS on October 23, 2018, properly issued KIRELL FRANCIS BETTIS TRUST a Certificate of Release of Federal Tax Lien (Form 668(z)) in the amount of $822,726,165.00 for the 2017 taxable year. Refer heretofore at paragraphs 16 & 44. A copy of the Certificate is behind the cover page marked EXHIBIT Q. See pp. 101-102.

71.   California Financial Code, section 109 states in relevant part that: "Commercial Banking Business *** means to *** buy and sell for the account of the customers, and, if eligible ... for its own account ... bills of exchange." This verifies bills of exchange may be a profitable utility.

72.   With respect to drafts being tendered to a bank the Court has noted:"When these drafts were accepted by the New York Bank, they became what is known in the business as banker's acceptances and these banker's acceptances were practically the equivalent of cash." See: HELVERING V. STEIN 115 F.2d at 468

73.   "Bank checks are not bills of exchange, and though the rules applicable to each are in many respects the same. They differ in important particulars. Among these particulars is that a check is drawn against funds on deposit with the banker.... A bill of exchange is not drawn on such deposits necessarily, and its acceptance raises no implication that the drawer has funds to meet it. It is a new promise by the acceptor to pay, funds or no funds. *** By such acceptance he becomes primarily liable, as if he were the maker of a promissory note." See: ESPY V. BANK OF CINCINNATI 85 US 604, 614 ( 1874)

74.   The bill of exchange accepted by KIRELL FRANCIS BETTIS TRUST is remarkably unique in that it is funded with a certain amount of "credit" "invested" by the state of California" under her 1849 constitution for the benefit of two Government entities. Interestingly enough, the 1879 second Constitution of California at Article 16, section 6, para. 3 authorizes as of 11-2-1982 an exception to loaning or "lending of the credit of the State." Nothing prohibits the use of state money or credit, in aiding veterans who served in the military or naval service of the United States during the time of war, in the acquisition of, or payment for, (1) farms or homes". Over one hundred and thirty years later plaintiffs have converted the "state credit" invested into "original issue discount" which is taxable income under federal law. As a result, that taxable amount of income has been incorporated into each bill of exchange that secretly has pass through many hands on the faith of the U.S. mail and the trustee's blue ink signature. This tender of payment to the (obligee), United States Treasury, appears to be a "commercially acceptable means" for the IRS to "collect" each dollar and distribute the payment to the beneficiaries.

75.   "It shall be lawful to receive for internal revenue taxes any commercially acceptable means that the Secretary deems appropriate to the extent and under the conditions provided in regulations prescribed by the Secretary." See 26 U.S.C. section 6311 ( a ) ( b ). Plaintiff's bill of exchange and its irrevocable certain sum, is, as good as a "debit card," and better than a bond. Remittance means "Credit or money sent to someone." The American Heritage dict. 4th ed.

76.    House Joint Resolution number 192 dated June 5, 1933, at 48 Stat. 113 was recodified and repealed. HJR-192 provided "any obligation which purports to give the obligee a right to REQUIRE payment in gold or a particular kind of coin or currency of the United States ...is declared to be against public policy." On 09/13/1982 Congress did move said policy at 48 Stat. 113 to 96 Stat. 985, recodified at Title 31 U.S.C. Section 5118, and then on 9/13/1982 Congress repealed 48 Stat. 113 with the enactment of 96 Stat. 1068, page 1074.

77.    The Ninth Circuit Court of Appeal has held "Burlington Northern debts are discharged in gold, IF IT WISHES TO USE GOLD. Section 5118 of 31 U.S.C. says so. *** The 1982 recodification was not intended to effect any substantive changes." See ADAMS V. BURLINGTON NORTHERN RAILROAD CO., 80 F. 3d 1377, 1381, footnote 1 (1995)

78.    To that extent, plaintiffs have conventionally mailed a polished worded inland bill of exchange to the INTERNAL REVENUE SERVICE beginning in February of 2018. Thus plaintiffs obligation should be "discharged on payment dollar for dollar." The INTERNAL REVENUE SERVICE does not have "a right to REQUIRE payment in gold or a particular United States coin or currency." See Section 5118 (a) (d) (2). A photocopy of each bill of exchange is hereby attached behind the page marked EXHIBIT "R" pp. 103 - 139.

79.    In the FARKAS case "The bank establised a merchant's account for the defendant that allowed him to deposit credit slips and receive immediate credit and to make withdrawals AS IF THE CREDIT SLIPS WERE CASH." See: KORK V. U.S. 17 F. 3d 247 at 251 (1993)

## CONCLUSION

80.    Based on the aforementioned paragraphs, the court should homologate each inland bill of exchange attached hereto and find good cause appearing to establish KIRELL FRANCIS BETTIS TRUST has not underpaid the taxes, penalties, interest and/or "interest on deferral of gain from certain constructive ownership transactions" for the benefit of State of California. See: Title 26 U.S.C. Section 1260 (b); IRS.gov/Instructions To Form 1041 (2018) at page 32 regarding "Schedule G, Line 7" for total taxes owed.

22.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs / petitioners pray for the relief they are entitled to and request that this Court will find good cause appearing to:

APPOINT probono counsel to represent KIRELL FRANCIS BETTIS TRUST and KIRELL F. BETTIS-TAYLOR;

ORDER the Respondent / Defendant to postpone filing an ANSWER until after the Respondent / Defendant provides the Court with certified copies of the plaintiffs records and transcripts mentioned in paragraph 25;

ISSUE a peremptory writ, judgment, or an order enjoining Respondent / Defendant, the Secretary of the Treasury and his successor, any employee or person acting by and through his decision or order, to irrevocably Award $151,987,785,882.00 to STATE OF CALIFORNIA - FRANCHISE TAX BOARD from the employer account of the taxpayer KIRELL FRANCIS BETTIS TRUST activated under Form 1041, Form 1099-OID, Form W-3 and Form 941 for the 2014-2018 taxable years, and to also irrevocably Award $151,987,785,882.00 to the Treasury of the United States according to the security tendered in the amount of dollars mentioned above in paragraphs 22, 23, 28, and 29.

ISSUE a peremptory writ, judgment, or an order enjoining Respondent / Defendant, the Secretary of the Treasury and his successor, any employee or person acting by and through his decision or order, to irrevocably Award $6,000,000,000.00 in overpayment to the fiduciary KIRELL F. BETTIS-TAYLOR from his individual account activated under Form 1040 for the 2015-2018 taxable years according to his gross income in the amount of: $5,162,202,116.00  (2015)
$5,043,083,098.00  (2016)
$5,303,418,527.00  (2017)
$5,000,000,000.00  (2018)
$20,508,703,741.00

Title 26 U.S.C. § 7623 ( b)
(Award For Original Information)
31 U.S.C. Section 5323 "Award"
A copy of plaintiff's Form 211 is behind the p. marked EXHIBIT "S" at p. 142.

23.

<u>V E R I F I C A T I O N</u>

I, <u>KIRELL FRANCIS BETTIS TRUST</u> and <u>KIRELL F. BETTIS-TAYLOR</u>, declare:

I am the plaintiff in the above-entitled action.

I have read the foregoing petition and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under laws of the United States of America that the foregoing is true, correct and complete.


Executed on <u>JULY 13TH</u>, <u>2020</u>, at COUNTY OF KERN, STATE OF CALIFORNIA.

By: _____  7-13-2020
   KIRELL FRANCIS BETTIS TRUST  - TRUSTEE

   _____  7-13-2020
   KIRELL F. BETTIS-TAYLOR